UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: DR. BAKER-WILLIAMS         CASE NO. 3:23-mc-5-TJC-MCR

_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 3), filed by Dr. Baker-Williams. For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

I. Introduction

On February 3, 2023, Dr. Baker-Williams, *pro se*, filed a "Non-Judicial Filing," which includes a one-page "Complaint" without a caption and several exhibits, including a "Quit Claim Deed," a "Certificate of Assumed Name [sic] Notice of Transfer of Reserved Name," a "Claim of Lien," a "Notice of Claim of Lien," and what appears to be a financing statement. (*See* Doc. 1.) The

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

"Complaint" merely states that "Duval County Clerk of Courts refuse [sic] to file and recorded [sic] our documents." (*Id.* at 2.) On February 3, 2023, Dr. Baker-Williams also filed her original Application, which was amended on February 16, 2023, seeking leave to proceed without prepaying fees or costs. (*See* Docs. 2 & 3.)

## II.   Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the application sufficiently demonstrates the plaintiff meets the financial criteria to proceed *in forma pauperis*, when such an application is filed, the court is also obligated to review the case and dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A]

2

district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted). "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592

3

F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To show entitlement to relief, a plaintiff must include a short and plain statement of facts in support of his claims. Fed.R.Civ.P. 8(a). This statement of facts must show the plausibility of plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint filed *in forma pauperis*, which fails to state a claim under Fed.R.Civ.P. 12(b)(6), is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)), *cert. denied*, 534 U.S. 1044 (2001). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349.

Finally, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also*

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed.R.Civ.P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   Analysis

Even under a most liberal construction, the "Complaint" is subject to dismissal for failure to name the parties in this action, failure to state a claim on which relief may be granted, failure to allege the basis for this Court's jurisdiction, and failure to include a demand for relief. (*See* Doc. 1.) There are no jurisdictional allegations, no short and plain statement of facts in support of any claims, and no request for relief. (*Id.*) Further, the Complaint includes no caption and no identification of the parties to this action. (*Id.*)

5

From the handwritten notations on the first page of the Application, it appears that this action was filed by Jerrod Antoine-Denard Williams, Sr. and Virginia Loretta Baker-Williams, but the identity of any Defendants is unclear.  (*See* Doc. 3 at 1.)

The Court notes that Mr. Williams and Ms. Baker-Williams were the named plaintiffs in a case filed in this Court in 2022, which was recently remanded to the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.  (*See* Docs. 14 & 17 in Case No. 3:22-cv-519-BJD-MCR (M.D. Fla.).)  In the 2022 case, the undersigned stated:

> Plaintiffs' attempt to remove their own case from state court the day after it was dismissed with prejudice is improper.  To the extent Plaintiffs' removal was an attempt to appeal the Final Order of Dismissal with Prejudice, entered in state court on May 10, 2022, this Court does not have jurisdiction to hear appeals of state court decisions.  *See Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005) (per curiam) (stating that under the *Rooker-Feldman* abstention doctrine, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision") (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  The only federal court that can hear an appeal of a state court final judgment is the United States Supreme Court.  *Seltz v. Medina*, No. 2:13-cv-394-FtM-38DNF, 2013 WL 2920415, *2 (M.D. Fla. June 13, 2013) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983)).

6

(Doc. 14 at 6-7 in Case No. 3:22-cv-519-BJD-MCR (M.D. Fla. Oct. 5, 2022).)

To the extent Dr. Baker-Williams now asks this Court to review actions or inactions of the Duval County Clerk of Court, she has failed to demonstrate that this Court has jurisdiction to do so. In any event, as stated earlier, the "Complaint" here lacks any allegations identifying the parties, the causes of action, and the requests for relief. Based on the foregoing, the undersigned need not address the deficiencies in the Application. However, the Application is deficient in that it is incomplete, unnotarized, and fails to explain how Plaintiff(s) are supporting themselves. (*See* Doc. 3.)

Upon due consideration, it is **RECOMMENDED** that:

1. The Application (**Doc. 3**) be **DENIED**.

2. This action be **DISMISSED without prejudice** for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 24, 2023.

                                       _____
                                       MONTE C. RICHARDSON
                                       UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Timothy J. Corrigan
Chief United States District Judge

*Pro Se* Plaintiff